LDL:ldl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6273**

18 U.S.C. 1962(d)
18 U.S.C. 1959
18 U.S.C. 513(a)
18 U.S.C. 659
18 U.S.C. 892(a)
18 U.S.C. 894
18 U.S.C. 922(g)(1)
18 U.S.C. 1344
18 U.S.C. 2
18 U.S.C. 3

**CR - HUCK**

MAGISTRATE JUDGE
BROWN

FILED by ___ D.C.

SEP 1 9 2000

CLERK ___ HUCK
U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
                                   )
v.                                 )
                                   )
ANTHONY TRENTACOSTA,               )
     a/k/a "Tony Pep,"             )    **INDICTMENT**
FREDERICK J. MASSARO,              )
     a/k/a "Freddie,"              )
     a/k/a "Uncle,"                )
FRANCIS RUGGIERO,                  )
     a/k/a "Little Frankie,"       )
ARIEL HERNANDEZ,                   )
JULIUS BRUCE CHIUSANO,             )
ADAM TODD SILVERMAN,               )
     a/k/a "Sonny,"                )
CARLOS GARCIA,                     )
CHARLES PATRICK MONICO and         )
ANTHONY RAYMOND BANKS,             )
                                   )
              Defendants.          )
_____  )

THE GRAND JURY CHARGES THAT:

<u>GENERAL ALLEGATIONS</u>

At all times material to this Indictment:

1



1. The Gambino Organized Crime Family of La Cosa Nostra (hereinafter referred to as "the Gambino Crime Family") was a criminal organization that operated in the Southern District of Florida, the State of Georgia, the State of New York, and elsewhere.

2. The Gambino Crime Family operated through groups of individuals headed by "captains," who were also referred to as "capos" or "skippers." These groups, which were referred to as "crews" or "regimes," consisted of inducted members of the Gambino Crime Family, who were also referred to as "soldiers" or "made guys," and non-member criminal associates of the family.

3. The South Florida crew of the Gambino Crime Family was supervised and controlled by the hierarchy of the Gambino Crime Family located in New York.  The South Florida crew generated profits from criminal activities for the benefit of the Gambino Crime Family.

4. Anthony Ruggiano, a/k/a "Fat Andy," was a soldier in the Gambino Crime Family who operated primarily from New York and who, until his death on March 19, 1999, also was responsible for the day to day control of a crew of the Gambino Crime Family which conducted its affairs primarily within the Southern District of Florida.

5. Defendant **ANTHONY TRENTACOSTA**, a/k/a "Tony Pep," was a soldier in the Gambino Crime Family who operated primarily from

Atlanta, Georgia and who, on or about March 19, 1999, assumed responsibility for the day to day control of the aforesaid crew of the Gambino Crime Family which had previously been controlled by Anthony Ruggiano.

6. Defendant **FREDERICK J. MASSARO**, a/k/a "Freddie," a/k/a "Uncle," was a close criminal associate of Anthony Ruggiano and of defendant **ANTHONY TRENTACOSTA**.  Defendant **MASSARO** was part of the South Florida crew of the Gambino Crime Family that was controlled by Anthony Ruggiano and, after his death, by defendant **TRENTACOSTA**. Defendant **MASSARO** controlled and operated Beachside Mario's, formerly known as Locatelli's Restaurant, located at 17210 Collins Avenue, Sunny Isles, Florida.  This business was used by the South Florida crew of the Gambino Crime Family for the purpose of producing counterfeit checks, dealing in stolen merchandise, making and collecting unlawful extensions of credit, and planning murder.

7. Defendant **ARIEL HERNANDEZ** was a member of the South Florida crew of the Gambino Crime Family and specialized in producing counterfeit checks and negotiating those counterfeit checks at businesses located within the Southern District of Florida on behalf of the enterprise.

8. Defendant **JULIUS BRUCE CHIUSANO** was a member of the South Florida crew of the Gambino Crime Family controlled by Anthony

3

Ruggiano, and, thereafter, by defendant **ANTHONY TRENTACOSTA** in the Southern District of Florida. Defendant **CHIUSANO** controlled and operated Check Cashing Unlimited II, located at 2603 North Dixie Highway, Wilton Manors, Broward County, Florida, which business was utilized by the aforesaid crew of the Gambino Crime Family in obtaining financial information of the customers of Check Cashing Unlimited II and transmitting that information to defendants **FREDERICK J. MASSARO** and **ARIEL HERNANDEZ** and other persons for their use in creating and negotiating counterfeit checks for the benefit of the enterprise.

9. Defendant **FRANCIS RUGGIERO**, a/k/a "Little Frankie," was a member of the South Florida crew of the Gambino Crime Family who assisted defendant **FREDERICK J. MASSARO** by making and financing extortionate extensions of credit and by conspiring to collect extensions of credit by extortionate means for the benefit of the enterprise.

10. Defendant **CARLOS GARCIA** was a member of the South Florida crew of the Gambino Crime Family who primarily assisted defendant **FREDERICK J. MASSARO** in collecting extensions of credit by extortionate means.

11. Defendants **CHARLES PATRICK MONICO** and **ANTHONY RAYMOND BANKS** were members of the South Florida crew of the Gambino Crime Family who primarily assisted defendants **FREDERICK J. MASSARO** and **ARIEL HERNANDEZ** by negotiating counterfeit checks at businesses

4

located within the Southern District of Florida on behalf of the enterprise.

12. Defendant **ADAM TODD SILVERMAN**, a/k/a "Sonny," was a member of the South Florida crew of the Gambino Crime Family who primarily assisted defendant **FREDERICK J. MASSARO** in the use of extortionate means to collect and attempt to collect extensions of credit for the benefit of the enterprise.

## COUNT 1

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

## The Racketeering Conspiracy

2.  From on or about October 1, 1994 and continuing thereafter up to and including the date of this Indictment, in the Southern District of Florida and elsewhere, the defendants

> **ANTHONY TRENTACOSTA,**
>    a/k/a "Tony Pep,"
> **FREDERICK J. MASSARO,**
>    a/k/a "Freddie,"
>    a/k/a "Uncle,"
> **FRANCIS RUGGIERO,**
>    a/k/a "Little Frankie,"
> **ARIEL HERNANDEZ,**
> **JULIUS BRUCE CHIUSANO**
> **ADAM TODD SILVERMAN,**
>    a/k/a "Sonny,"
> **CARLOS GARCIA,**
> **CHARLES PATRICK MONICO and**
> **ANTHONY RAYMOND BANKS,**

being persons employed by and associated with an enterprise, as described herein, which was engaged in and the activities of which affected interstate and foreign commerce, did knowingly and willfully conspire, combine, confederate and agree, together and with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), as set forth herein in paragraph 4, and through the collection of unlawful debt, as that term is defined in Title 18, United States Code, Section 1961(6), as set forth herein in paragraph 5.

## The Enterprise

3.  The enterprise by which the defendants were employed and with which they were associated, and which was engaged in and the activities of which affected interstate and foreign commerce, was the South Florida crew of the Gambino Crime Family, which was a group of individuals associated in fact, although not a legal entity, which group constituted an enterprise as defined in Title 18, United States Code, Section 1961(4), and which enterprise engaged in various criminal activities within the Southern

District of Florida and elsewhere, and, as such, constituted an enterprise as defined in Title 18, United States Code, Section 1961(4).

### The Pattern of Racketeering Activity

4. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise consisted of multiple acts or threats involving Murder, in violation of Section 782.04 Florida Statutes; and Extortion, in violation of Section 836.05 Florida Statutes; and acts which are indictable under the following provisions: Making Extortionate Extensions of Credit, in violation of Title 18, United States Code, Section 892; Financing Extortionate Extensions of Credit, in violation of Title 18, United States Code, Section 893; Collection of Extensions of Credit by Extortionate Means, in violation of Title 18, United States Code, Section 894; Fraud and Related Activity in Connection with Identification Documents and Information, in violation of Title 18, United States Code, Section 1028; Bank Fraud, in violation of Title 18, United States Code, Section 1344; Theft from Interstate Shipments, in violation of Title 18, United States Code, Section 659; Interference with Commerce by Threats or Violence, in violation of Title 18, United

7

States Code, Section 1951; and Obstruction of Justice, in
violation of Title 18, United States Code, Section 1503.

## The Collection of Unlawful Debts

5. The collection of unlawful debt through which the
defendants and their co-conspirators agreed to conduct and
participate, directly and indirectly, in the conduct of the
affairs of the enterprise consisted of the collection from
various individuals of unlawful debts, as that term is defined by
Title 18, United States Code, Section 1961(6), that is, debts
which were unenforceable under State and Federal law in whole and
in part as to principal and interest because of the laws relating
to usury and which were incurred in connection with the business
of lending money at a rate usurious under State and Federal law,
where the usurious rate was at least twice the lawfully
enforceable rate.

## Object of the Racketeering Conspiracy

6.   The object of the racketeering conspiracy which the
defendants sought to achieve was to derive profit from the
illegal activities committed through the operation of the
enterprise in such a manner as to avoid detection by law
enforcement authorities.

7.   It was further an object of the conspiracy that each
defendant agreed that a conspirator would commit at least two

racketeering acts and participate in the collection of one
unlawful debt in conducting the affairs of the enterprise.

### Means and Methods of the Racketeering Conspiracy

8.  Among the means and methods by which the defendants and
their co-conspirators would participate, directly and indirectly,
in the conspiracy were the following:

a. Defendant **ANTHONY TRENTACOSTA** would maintain
authority and control over the enterprise by meeting and speaking
with defendant **FREDERICK J. MASSARO**, and by giving instructions
to defendant **FREDERICK J. MASSARO** concerning the affairs of the
enterprise.

b.  Defendant **FREDERICK J. MASSARO** would pay to
defendant **ANTHONY TRENTACOSTA** a portion of the proceeds derived
from criminal acts committed by and through the members of the
enterprise.

c.  Defendants **FREDERICK J. MASSARO** and **FRANCIS
RUGGIERO** would lend money to various persons at usurious rates,
in violation of the laws of the State of Florida, and at interest
rates which were at least twice the legally enforceable rate.

d.  Defendants **FREDERICK J. MASSARO, FRANCIS RUGGIERO,
ADAM TODD SILVERMAN** and **CARLOS GARCIA** would use threats of force
and violence, and  enlist others to employ threats of force and
violence, to the persons and property of others in collecting

extensions of credit which had been made.

      e.   Defendants **FREDERICK J. MASSARO, ARIEL HERNANDEZ, JULIUS BRUCE CHIUSANO, CHARLES PATRICK MONICO, ANTHONY RAYMOND BANKS** and other persons would devise a scheme and artifice to defraud federally insured banks by using counterfeit checks to unlawfully purchase goods from retailers located in the Southern District of Florida for the benefit of the enterprise.

      f.   Defendant **JULIUS BRUCE CHIUSANO** would provide to defendants **FREDERICK J. MASSARO** and **ARIEL HERNANDEZ** copies of checks which had been negotiated through Check Cashing Unlimited II, for the purpose of creating counterfeit checks.

      g.   Defendant **ARIEL HERNANDEZ** would create counterfeit checks for the purpose of fraudulently uttering them at various retail stores.

      h.   Defendants **FREDERICK J. MASSARO, ARIEL HERNANDEZ, CHARLES PATRICK MONICO,  ANTHONY RAYMOND BANKS** and other persons would utter counterfeit checks to various retail stores in payment for merchandise which was later returned to the same stores for cash refunds or sold to third parties for the benefit of the enterprise.

      i.   Defendant **FREDERICK J. MASSARO** would procure, command and induce the unlawful killing of a human being named Jeanette Smith for the benefit of the enterprise.

10

j. Defendant **ARIEL HERNANDEZ** would commit the unlawful killing of a human being named Jeanette Smith for the benefit of the enterprise.

k. Defendants **FREDERICK J. MASSARO** and **ADAM TODD SILVERMAN** and other persons would assist defendant **ARIEL HERNANDEZ** in disposing of the body of Jeanette Smith, knowing that **ARIEL HERNANDEZ** had committed the murder of Jeanette Smith, with the intent that the defendants avoid and escape detection, arrest, trial or punishment for the benefit of the enterprise.

l. Defendants **FREDERICK J. MASSARO**, **CHARLES PATRICK MONICO** and **ANTHONY RAYMOND BANKS** and other persons would assist defendant **ARIEL HERNANDEZ** in disposing of evidence of the murder of Jeanette Smith, knowing that **ARIEL HERNANDEZ** had committed the murder of Jeanette Smith, with the intent that the defendants avoid and escape detection, arrest, trial or punishment for the benefit of the enterprise.

m. Defendant **FREDERICK J. MASSARO** would assist defendant **ARIEL HERNANDEZ** by obtaining false identification documents for **ARIEL HERNANDEZ**, in order to assist defendant **ARIEL HERNANDEZ** in negotiating counterfeit corporate checks at various retail stores located in South Florida and with the intent that **ARIEL HERNANDEZ** avoid and escape detection, arrest, trial or punishment for the murder of Jeanette Smith, all for the benefit

11

of the enterprise.

n.  Defendant **FREDERICK J. MASSARO** would solicit defendant **CARLOS GARCIA** and another individual to commit the unlawful killing of defendant **ARIEL HERNANDEZ**.

o.  Defendant **FREDERICK J. MASSARO** would  procure the commission of the theft of goods which were a part of interstate shipments of property.

p.  The defendants and their coconspirators would take all necessary means to prevent the detection by law enforcement of their criminal activities, including but not limited to conspiracy to commit murder, murder,  kidnaping, concealing evidence of murder and making false statements to law enforcement officers, all for the benefit of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

### COUNTS 2-16

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  From in or about 1998 and continuing to in or about April 1999, in the Southern District of Florida, and elsewhere, the defendants,

FREDERICK J. MASSARO,
a/k/a `Freddie,"
a/k/a `Uncle,"
**ARIEL HERNANDEZ** and
**JULIUS BRUCE CHIUSANO,**

and other persons, both known and unknown to the Grand Jury, did

devise a scheme and artifice to defraud financial institutions,

the deposits of which were insured by the Federal Deposit

Insurance Corporation, and to obtain money, funds and credits

under the custody and control of the financial institutions by

means of false and fraudulent pretenses, representations and

promises.

3.    It was part of the scheme and artifice to defraud that

that defendants, on approximately sixty occasions, would use

counterfeit checks purporting to be legitimate checks drawn on

the bank accounts of legitimate corporations for the purpose of

purchasing goods from retailers located in the Southern District

of Florida, which goods would be returned to those retailers by

the defendants in exchange for currency.

4.    It was further part of the scheme and artifice to

defraud that defendant **JULIUS BRUCE CHIUSANO** would provide

defendant **FREDERICK J.  MASSARO** and **ARIEL HERNANDEZ**  with

financial information about legitimate corporations which was

obtained through the business of cashing checks at Check Cashing

Unlimited II, Wilton Manors, Florida.

13

5.   It was further part of the scheme and artifice to defraud that defendant **ARIEL HERNANDEZ**, at the direction of defendant **FREDERICK J. MASSARO**, would use the financial information provided by defendant **JULIUS BRUCE CHIUSANO** for the purpose of producing counterfeit corporate checks using a computer and printer located at Beachside Mario's.

6.   It was further part of the scheme and artifice to defraud that defendant **FREDERICK J. MASSARO** would obtain a State of Florida driver's license in the fictitious name of "Richard Martinez" in order to assist defendant **ARIEL HERNANDEZ** in negotiating  counterfeit corporate checks at various retail stores located in South Florida.

7.   It was further part of the scheme and artifice to defraud that defendants and other persons would use counterfeit corporate checks and false identification documents to purchase goods from retailers located throughout South Florida.

8.   On or about the dates alleged below, in the Southern District of Florida, and elsewhere, the defendants,

> **FREDERICK J. MASSARO,**
> a/k/a "Freddie,"
> a/k/a "Uncle,"
> **ARIEL HERNANDEZ** and
> **JULIUS BRUCE CHIUSANO,**

did execute and attempt to execute the aforesaid scheme and artifice, and did knowingly commit and cause to be committed the

following acts in furtherance of the scheme and artifice to defraud the financial institutions as described in each of the following Counts, among others, each act described below being a separate Count of this Indictment, all in violation of Title 18, United States Code, Sections 1344 and 2:

| Count | Date | Financial Institution | Amount | Financial Transaction |
|-------|------|----------------------|--------|----------------------|
| 2 | 4/9/98 | NCNB | $546.14 | counterfeit check on the account of Atmel Corp., negotiated at Toys R Us. |
| 3 | 4/14/98 | NCNB | $448.26 | counterfeit check on the account of Atmel Corp., negotiated at Toys R Us. |
| 4 | 4/18/98 | NCNB | $561.46 | counterfeit check on the account of Atmel Corp., negotiated at Toys R Us. |
| 5 | 4/18/98 | NCNB | $490.81 | counterfeit check on the account of Atmel Corp., negotiated at Toys R Us. |

| 6 | 12/8/98 | Bank of America | $433.30 | counterfeit check on the account of Proform National Service Inc., negotiated at Toys R Us. |
| 7 | 1/29/99 | Bank of America | $415.99 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 8 | 1/31/99 | Bank of America | $343.40 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 9 | 1/31/99 | Bank of America | $391.97 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 10 | 2/2/99 | Bank of America | $430.21 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 11 | 2/10/99 | First Union | $340.86 | counterfeit check on the account of Florida Windstorm Underwriting negotiated at Office Depot. |

| 12 | 2/12/99 | First Union | $487.36 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 13 | 2/17/99 | First Union | $561.68 | counterfeit check on the account of Arro Pretzels negotiated at Office Max. |
| 14 | 3/27/99 | City National | $492.34 | counterfeit check on the account of Fair Lane Enterprises negotiated at Toys R Us. |
| 15 | 3/27/99 | City National | $2125.74 | counterfeit check on the account of Fair Lane Enterprises negotiated at Macys. |
| 16 | 3/27/99 | City National | $1483.99 | counterfeit check on the account of Fair Lane Enterprises negotiated at Office Max. |

## COUNT 17

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in

17

full.

2. At all times material to this count of the Indictment, the association in fact enterprise, that is, the South Florida crew of the Gambino Crime Family, as more fully described in paragraph 3 of Count 1 of this Indictment, which paragraph is realleged and incorporated by reference in this count as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce.

3. The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), consisting of acts and offenses set forth in paragraph 4 of Count 1 of this Indictment, which paragraph is realleged and incorporated by reference in this count as though set forth fully herein.

4. In or about March 1999, in the Southern District of Florida and elsewhere, the defendants,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle," and
**ARIEL HERNANDEZ,**

for the purpose of gaining entrance to and maintaining and increasing their positions in the enterprise, that is, the South

Florida crew of the Gambino Crime Family, which was engaged in racketeering activity, intentionally combined, conspired, confederated, and agreed, together and with each other, and with other persons known and unknown to the grand jury, to murder Jeanette Smith, in violation of Section 782.04 Florida Statutes.

5. It was part of the conspiracy that, during the aforesaid time period, the defendants did speak with each other in order to agree upon, and plan the details concerning, the murder of Jeanette Smith, including the place, time and method of effecting her death.

All in violation of Title 18, United States Code, Section 1959(a)(5).

### COUNT 18

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  At all times material to this count of the Indictment, the association in fact enterprise, that is, the South Florida crew of the Gambino Crime Family, as more fully described in paragraph 3 of Count 1 of this Indictment, and which paragraph is realleged and incorporated by reference in this count as though set forth fully herein, constituted an enterprise as defined in

19

Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce.

3. The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), consisting of acts and offenses set forth in paragraph 4 of Count 1 of this Indictment, which paragraph is realleged and incorporated by reference in this count as though set forth fully herein.

4. On or about March 20, 1999, in the Southern District of Florida and elsewhere, the defendants,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle," and
**ARIEL HERNANDEZ,**

for the purpose of gaining entrance to and maintaining and increasing their positions in the enterprise, that is, the South Florida crew of the Gambino Crime Family, which was engaged in racketeering activity, did murder Jeanette Smith, in violation of Section 782.04 Florida Statutes.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 19

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  In or about March 1999, in the Southern District of Florida, the defendants,

> **ADAM TODD SILVERMAN,**
> a/k/a "Sonny,"
> **CHARLES PATRICK MONICO** and
> **ANTHONY RAYMOND BANKS,**

knowing that an offense against the United States had been committed, that is, the murder of Jeanette Smith by Frederick J. Massaro and Ariel Hernandez, as set forth above in Count 18 of this Indictment, did assist Frederick J. Massaro and Ariel Hernandez in order to hinder and prevent their apprehension, trial and punishment.

All in violation of Title 18, United States Code, Section 3.

## COUNT 20

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  At all times material to this count of the Indictment, the association in fact enterprise, as more fully described in

paragraph 3 of Count 1 of this Indictment, which paragraph is realleged and incorporated by reference in this count as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which engaged in, and the activities of which affected, interstate and foreign commerce.

3.    The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), consisting of acts and offenses set forth in paragraph 4 of Count 1 of this Indictment, which paragraph is realleged and incorporated by reference in this count as though set forth fully herein.

4.    From on or about March 20, 1999 through on or about March 28, 1999, in the Southern District of Florida and elsewhere, the defendants,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle," and
**CARLOS GARCIA,**

as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the enterprise, that is, United States currency, and for the purpose of gaining entrance to and maintaining and increasing their positions in the enterprise, that is, the South Florida crew of

22

the Gambino Crime Family, which was engaged in racketeering activity, intentionally combined, conspired, confederated, and agreed, together and with each other, and with other persons known and unknown to the grand jury, to murder Ariel Hernandez, in violation of Section 782.04 Florida Statutes.

5.  It was part of the conspiracy that, during the aforesaid time period, the defendants did speak with each other in order to agree upon, and plan the details concerning, the murder of Ariel Hernandez, including the place, time and method of effecting his death.

All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 21

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  From in or about 1998 and and continuing to in or about April 1999, within the Southern District of Florida, the defendants,

> **FREDERICK J. MASSARO,**
> a/k/a "Freddie,"
> a/k/a "Uncle,"
> **ARIEL HERNANDEZ** and
> **JULIUS BRUCE CHIUSANO,**

did make, utter and possess counterfeit securities of

23

organizations, that is, checks and drafts of corporations, companies, firms and partnerships which operated in, and the activities of which affected, interstate and foreign commerce, with intent to deceive other persons and organizations.

All in violation of Title 18, United States Code, Sections 513(a) and 2.

**COUNT 22**

1.   The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.   Beginning on or about October 1, 1994 and continuing through the date of this Indictment, within the Southern District of Florida and elsewhere, the defendants,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle," and
**FRANCIS RUGGIERO,**
a/k/a "Little Frankie,"

did knowingly conspire, combine, confederate and agree, with one another and with others known and unknown to the Grand Jury, to make extortionate extensions of credit as defined by Title 18, United States Code, Section 891 to numerous individuals in South Florida.

All in violation of Title 18, United States Code, Section

24

892(a).

## COUNT 23

1.  The General Allegations set forth above in paragraphs numbered one (1) through twelve (12) of this Indictment are realleged and expressly incorporated herein as if set out in full.

2.  Beginning on or about October 1, 1994 and continuing through the date of this Indictment, within the Southern District of Florida and elsewhere, the defendants,

> **FREDERICK J. MASSARO,**
>          a/k/a "Freddie,"
>          a/k/a "Uncle,"
> **FRANCIS RUGGIERO,**
>          a/k/a "Little Frankie,"
> **ADAM TODD SILVERMAN**, and
> **CARLOS GARCIA,**

did knowingly conspire, combine, confederate and agree, with one another and with others known and unknown to the Grand Jury, to participate in the use of extortionate means to collect and attempt to collect extensions of credit as defined by Title 18, United States Code, Section 891 which had been made to numerous individuals in South Florida.

All in violation of Title 18, United States Code, Section 894.

## COUNT 24

Between on or about July 29, 1999 and on or about September

2, 1999, within the Southern District of Florida, the defendant,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle,"

did knowingly receive and have in his possession goods and
chattels of a value in excess of one thousand dollars
($1,000.00), that is various household goods, which goods and
chattels had been stolen and unlawfully taken from ABC
Distributing Inc. while they were moving as, were a part of and
constituted an interstate shipment of property, the defendant
then and there knowing that said goods and chattels had been
stolen.

All in violation of Title 18, United States Code, Section
659 and Title 18, United States Code, Section 2.

### COUNT 25

In or about April 1999, at Sunny Isles, Miami-Dade County,
in the Southern District of Florida, the defendant,

**FREDERICK J. MASSARO,**
a/k/a "Freddie,"
a/k/a "Uncle,"

having been convicted on or about March 22, 1985, in the Circuit
Court of the Thirteenth Judicial Circuit in and for the County of
Hillsborough, Florida, of a crime punishable by imprisonment for a
term exceeding one year, did knowingly possess firearms in and
affecting commerce,  any one of which would be a violation, to wit:

1)    Raven model MP-25 serial number 1766264;

26

2)    Colt model MK III serial number 28621U;

3)    Marlin model 60 serial number 17321872;

4)    S & W revolver serial number AYP6794; and

5)    A firearm silencer,

all in violation of Title 18, United States Code, Sections
922(g)(1) and 921(a)(3).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
LAWRENCE D. LaVECCHIO
ASSISTANT U. S. ATTORNEY

_____
JEFFREY H. SLOMAN
ASSISTANT U. S. ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**ANTHONY TRENTACOSTA et al.**

CASE NO. _____

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami ___ Key West
_X_ FTL ___ WPB ___ FTP

New Defendant(s)      Yes ___   No ___
Number of New Defendants    ___
Total number of counts      ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) ___NO___
   List language and/or dialect _____

4. This case will take __30__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ___ | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | _X_ | Felony | _X_ |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) ___NO___
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: 99-4663-SNOW, 99-4781 THROUGH 85-SNOW
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of 3/28/99 - ARIEL HERNANDEZ
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) ___YES___

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No   If yes, was it pending in the Central Region? _X_ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0305405

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **Anthony Trentacosta**

Count #: 1 - RICO Conspiracy

*Max.  Life imprisonment, $250,000.00 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: **Frederick J. Massaro**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.  Life imprisonment, $250,000.00 fine

Counts #: 2 - 16  -  Bank Fraud, 18 U.S.C. 1344

*Max. Penalty: 30 years' imprisonment, $1,000,000.00 fine

Count #: 17 - Conspiracy to Engage in Violent Crimes in Aid of Racketeering (murder), 18 U.S.C. 1959(a)(5)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

Count #: 18 - Violent Crimes in Aid of Racketeering (murder), 18 U.S.C.(a)(1)

*Max. Penalty: Death, $250,000.00 fine

Count #: 20 - Conspiracy to Engage in Violent Crimes in Aid of Racketeering (murder), 18 U.S.C. 1959(a)(5)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

(Continued)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

(Continued)

Defendant's Name :**Frederick J. Massaro**

Count #: 21 - Making, Uttering and Possessing Counterfeit Securities,
            18 U.S.C. 513(a)

*Max.  10 years' imprisonment, 250,000.00 fine

Count #: 22  - Conspiracy to Make Extortionate Extensions of Credit,
            18 U.S.C. 892(a)

*Max. Penalty: 20 years' imprisonment, $250,000.00 fine

Count #: 23 - Conspiracy to Collect Extensions of Credit by Extortionate Means,
            18 U.S.C. 894(a)(1)

*Max. Penalty: 20 years' imprisonment, $250,000.00 fine

Count #: 24 - Theft from Interstate Shipments, 18 U.S.C. 659

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

Count #: 25 - Possession of a Firearm by a Convicted Felon, 18 U.S.C. 922(g)(1)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: **Francis Ruggiero**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.   Life Imprisonment, 250,000.00 fine

Count #: 22  - Conspiracy to Make Extortionate Extensions of Credit,
           18 U.S.C. 892(a)

*Max. Penalty: 20 years' imprisonment, $1,000,000.00 fine

Count #: 23 - Conspiracy to Collect Extensions of Credit by Extortionate Means,
           18 U.S.C. 894(a)(1)

*Max. Penalty: 20 years' imprisonment, $250,000.00 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: **Ariel Hernandez**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.  Life Imprisonment, 250,000.00 fine

Counts #: 2 - 16 - Bank Fraud, 18 U.S.C. 1344

*Max. Penalty: 30 years' imprisonment, $1,000,000.00 fine

Count #: 17 - Conspiracy to Commit Violent Crimes in Aid of Racketeering (murder),
         18 U.S.C. 1959(a)(5)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

Count #: 18 -  Violent Crimes in Aid of Racketeering (murder),
         18 U.S.C. 1959(a)(1)

*Max. Penalty: Death, $250,000.00 fine

Count #: 21 - Making, Uttering and Possessing Counterfeit Securities,
         18 U.S.C. 513(a)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **Julius Bruce Chiusano**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.  Life Imprisonment, 250,000.00 fine

Counts #: 2 - 16 - Bank Fraud, 18 U.S.C. 1344

*Max. Penalty: 30 years' imprisonment, $1,000,000.00 fine

Count #: 21 -Making, Uttering and Possessing Counterfeit Securities,
              18 U.S.C. 513(a)

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

Count #:

*Max. Penalty:

Count #: 21 -

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **Adam Todd Silverman**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.  Life Imprisonment, 250,000.00 fine

Count #: 19 - Accessory After the Fact (murder), 18 U.S.C. 3

*Max. Penalty: 15 years' imprisonment, $125,000.00 fine

Count #: 23 - Conspiracy to Collect Extensions of Credit by Extortionate Means,
        18 U.S.C. 894

*Max. Penalty: 20 years' imprisonment, $250,000.00 fine

Count #:

*Max. Penalty:

Count #: 21 -

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: **Carlos Garcia**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

---

*Max.  Life Imprisonment, 250,000.00 fine

---

Count #: 20 - Conspiracy to Engage in Violent Crimes in Aid of Racketeering (murder),
              18 U.S.C. 1959(a)(5)

---

*Max. Penalty: 10 years' imprisonment, $250,000.00 fine

---

Count #: 23 - Conspiracy to Collect Extensions of Credit by Extortionate Means,
              18 U.S.C. 894

---

*Max. Penalty: 20 years' imprisonment, $250,000.00 fine

---

Count #:

---

*Max. Penalty:

---

Count #: 21 -

---

*Max. Penalty:

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: **Charles Patrick Monico**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

*Max.   Life Imprisonment, 250,000.00 fine

Count #: 19  - Accessory After the Fact (murder),
              18 U.S.C. 3

*Max. Penalty: 15 years' imprisonment, $125,000.00 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: **Anthony Raymond Banks**

Count #: 1 - RICO Conspiracy, 18 U.S.C. 1962(d)

_____

_____

*Max.  Life Imprisonment, 250,000.00 fine

_____

Count #: 19  - Accessory After the Fact (murder),
              18 U.S.C. 3

_____

_____

*Max. Penalty: 15 years' imprisonment, $125,000.00 fine

_____

Count #:

_____

*Max. Penalty:

_____

Count #:

_____

*Max. Penalty:

_____

Count #:

_____

*Max. Penalty:

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

## INDICTMENT SUMMARY

**TRENTACOSTA** is charged in Count 1 (RICO Conspiracy - 18 USC 1962(d)). With regard to Count 1, **TRENTACOSTA** maintained authority and control over the enterprise by meeting and speaking with **MASSARO** and giving instructions to **MASSARO** concerning the affairs of the enterprise. **MASSARO** paid **TRENTACOSTA** a portion of the proceeds derived from criminal acts committed by and through members of the enterprise.

**MASSARO** is charged in all 25 counts of the proposed indictment. **Count 1** (RICO Conspiracy - 18 USC 1962(d)), **Counts 2-16** (Bank Fraud - 18 USC 1344), **Count 17** (Conspiracy to Commit Murder in Aid of Racketeering - Jeanette Smith - 18 USC 1959(a)(5)); **Count 18** (Murder in Aid of Racketeering - Jeanette Smith - 18 USC 1959(a)(1)); **Count 20** (Conspiracy to Commit Murder in Aid of Racketeering - Ariel Hernandez - 18 USC 1959(a)(5)); **Count 21** (Uttering Counterfeit Checks - 18 USC 513); **Count 22** (Conspiracy to Make Extortionate Extensions of Credit - 18 USC 892(a)); **Count 23** (Conspiracy to Participate in the Use of Extortionate Means to Collect Extensions of Credit - 18 USC 894(a)(1)); **Count 24** (Theft from Interstate Shipments - 18 USC 659) and **Count 25** (Felon in Possession of Firearms - 18 USC 922(g)(1)).

**HERNANDEZ** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)); **Counts 2-16** (Bank Fraud - 18 USC 1344); **Count 17** (Conspiracy to Commit Murder in Aid of Racketeering - Jeanette Smith - 18 USC 1959(a)(5)); **Count 18** (Murder in Aid of Racketeering - Jeanette Smith - 18 USC 1959(a)(1)); and **Count 21** (Uttering Counterfeit Checks - 18 USC 513).

**SILVERMAN** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)); **Count 19** (Accessory After the Fact - 18 USC 3); and **Count 23** (Conspiracy to collect extensions of credit - 18 USC 894).

**GARCIA** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)); **Count 20** (Conspiracy to Commit Murder in Aid of Racketeering - Ariel Hernandez - 1959(a)(5)); and **Count 23** (Conspiracy to collect extensions of credit - 18 USC 894).

**CHIUSANO** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)), **Counts 2-16** (Bank Fraud - 18 USC 1344); and **Count 21** (Uttering Counterfeit Checks - 18 USC 513).

**RUGGIERO** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)); **Count 22** (Conspiracy to Make Extortionate Extensions of Credit - 18 USC 892(a)); and **Count 23** (Conspiracy to Participate in the Use of Extortionate Means to Collect Extensions of Credit - 18 USC 894(a)(1)) of the proposed indictment.

**MONICO** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)) and **Count 19** (Accessory After the Fact - 18 USC 3).

**BANKS** is charged in **Count 1** (RICO Conspiracy - 18 USC 1962(d)) and **Count 19** (Accessory After the Fact - 18 USC 3).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____

UNITED STATES OF AMERICA,
     Plaintiff,

vs.                                                    DOCKET ENTRY #_____

ANTHONY TRENTACOSTA et al.,                      (to be completed by Clerk of Court)
     Defendants.

_____/

### SEALED FILING COVER SHEET

Party Filing Matter Under Seal:
     Name:      UNITED STATES OF AMERICA
     Address:
     Telephone:
     Facsimile:
     E-mail:

Counsel for Party Filing Matter Under Seal:
     Name:      AUSA LAWRENCE D. LaVECCHIO
     Address:      500 E. BROWARD BLVD., STE. 700, FT. LAUDERDALE, FL 33394
     Telephone:      (954) 356-7255
     Facsimile:      (954) 356-7230
     E-mail:

Date of Filing:   9/19/00

Party has filed a separate Motion to Seal, requesting that the matter remain sealed:
     __ Until Conclusion of Trial          __ Until Conclusion of Direct Appeal
     __ Until Case Closing            _x_ Until the arrest of the first defendant
     __ Until further order of the Court     __ Permanently
     __ Other _____

If permanent sealing is required, specify the authorizing law, court order or court rule:

_____

The moving party requests that when the sealing period expires, the filed matter should be (select one):
     _x_ unsealed and placed in the public portion of the court file
     __ destroyed
     __ returned to the party or counsel for the party, as identified above

_____

### COURT RULING
(to be completed by Clerk based on Court's order)

Ruling on Motion to Seal:    __ Granted   __ Denied   __ Other
Date: _____

Matter May Be Unsealed After:
     __ Conclusion of Trial             __ Conclusion of Direct Appeal
     __ Until the arrest of the first defendant   __ Until further order of the Court
     __ Case Closing               __ Other _____

FORM DHD-34
JUN 85

*FGJ 99-01 (FTL)*

*FL 04331*

No. 04331

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

ANTHONY TRENTACOSTA,
FREDERICK J. MASSARO,
FRANCIS RUGGIERO,
ARIEL HERNANDEZ,
JULIUS BRUCE CHIUSANO,
ADAM TODD SILVERMAN,
CARLOS GARCIA,
CHARLES PATRICK MONICO, and
ANTHONY RAYMOND BANKS

## INDICTMENT

18 USC §1962(d)
18 USC §1959
18 USC §513(a)
18 USC §659
18 USC §§892(a)
18 USC §922(g)(1)
18 USC §1344
18 USC §2
18 USC §3

*A true bill.*

_____
                              *Foreperson*

*Filed in open court this* _____

*of* _____ *A.D. 19* _____ *day.*

_____
                              *Clerk*

*Bail, $* _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 00-6273

IN RE:

FEDERAL GRAND JURY 99-01(FL)

## CR-HUCK

_____/

ORDER TO SEAL

### MAGISTRATE JUDGE
### BROWN

THIS CAUSE having come before the Court on the Government's Motion to Seal. Considering the grounds raised in said motion, and the Court being otherwise advised in the premises,

IT IS HEREBY ORDERED that the Indictment, Penalty Sheets, Certificate of Trial Attorney, Arrest Warrants (except for copies to be used by law enforcement personnel during execution of their official duties in the investigation), Bond Recommendation Sheets, Motion to Seal, and this Sealing Order in the above-captioned matter shall be sealed and shall remain sealed in the custody of the Clerk of the Court until such time as the first defendant has been arrested.

DONE AND ORDERED at Fort Lauderdale, Florida, this _19_ day of September, 2000.

_____
WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

cc:
AUSA Lawrence D. LaVecchio



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

FEDERAL GRAND JURY 99-01(FL)

_____/

**00-6273**

**CR-HUCK**

MAGISTRATE JUDGE
BROWN

**MOTION TO SEAL**

The United States of America, by and through the undersigned
Assistant United States Attorneys for the Southern District of
Florida, hereby moves this Court for an Order sealing the
Indictment, Penalty Sheets, Certificate of Trial Attorney, Arrest
Warrants (except for copies to be used by law enforcement personnel
during execution of their official duties in the investigation),
Bond Recommendation Sheets, this Motion to Seal, and Sealing Order,
to remain sealed in the custody of the Clerk of the Court until
such time as the first defendant has been arrested.  In support
thereof, the following is shown:

None of the defendants have been previously indicted on the
instant charges.  Disclosure of the existence of these charges
would hinder the ability of the United States to locate and arrest
the defendants.

WHEREFORE, the United States respectfully requests that this
Court order that the Indictment, Penalty Sheets, Certificate of
Trial Attorney, Arrest Warrants (except for copies to be used by
law enforcement personnel during execution of their official duties
in the investigation), Bond Recommendation Sheets, Motion to Seal,



and the Sealing Order be sealed until such time as the first defendant has been arrested.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar #: 0305405
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33394
Telephone: (954) 356-7255
Facsimile: (954) 356-7230


JEFFREY H. SLOMAN
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar #: 0378879
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33394
Telephone: (954) 356-7255
Facsimile: (954) 356-7228

2